[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————————

No. 23-13769

Non-Argument Calendar

————————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

DAMON HAYES,
a.k.a. D-5,

Defendant-Appellant.

————————————————

Appeal from the United States District Court
for the Middle District of Georgia
D.C. Docket No. 5:22-cr-00040-MTT-CHW-3

_____

Before WILSON, GRANT, and LUCK, Circuit Judges.

PER CURIAM:

Damon Hayes was sentenced to 275-months' imprisonment after he led a gang-operated drug trafficking organization. Hayes now appeals that sentence, arguing that it is both procedurally and substantively unreasonable. Because we find no error in the district court's sentence, we affirm.

## I.

Damon Hayes was one of twelve defendants indicted for various drug trafficking crimes. In exchange for dismissing the other counts against him, Hayes pleaded guilty to conspiring to distribute controlled substances. This is not Hayes's first offense; he was previously convicted for aggravated assault, possession and sale of cocaine, battery, and obstruction of an officer. Arson charges are also pending.

The specifics of Hayes's role in the drug trafficking scheme are detailed in the presentence investigation report, to which he did not object. Hayes, a member of a gang known as the Inglewood Family Bloods, organized and led a drug trafficking organization consisting primarily of his fellow gang members. Hayes would buy crack cocaine from a co-conspirator, store the drugs in a fellow gang member's home, and then supply those drugs to other members of the organization who in turn would sell them to the community. Officers obtained warrants to search the residence of

Hayes's supplier and the residence where Hayes stored these drugs. Searches of these homes revealed large amounts cocaine, methamphetamine, and fentanyl.

The report calculated a Sentencing Guidelines range of 210- to 262-months' imprisonment. It noted, however, that an upward variance may be warranted given Hayes's role in the drug trafficking organization and his criminal history. The report also noted that an upcoming amendment to the Guidelines may warrant a lower criminal history category and thus a lower Guidelines range.

The district court sentenced Hayes to 275-months' imprisonment. While it calculated a lower Guidelines range given the upcoming amendment, it also imposed an upward variance because of Hayes's role in the offense and his criminal history. Hayes appeals his sentence.

## II.

This Court reviews de novo questions of law involving the Guidelines. *United States v. Hall*, 965 F.3d 1281, 1293 (11th Cir. 2020). A district court's factual findings at sentencing are reviewed for clear error. *Id.* And the substantive reasonableness of that sentence is reviewed for abuse of discretion. *Id.*

## III.

Hayes raises three issues on appeal. *First*, he argues that the district court imposed an upward departure and thus failed to provide proper notice under Rule 32(h). *Second*, he says that the

district court erred in finding that gang members and fentanyl were involved the drug trafficking scheme. And *third*, he argues that the sentence imposed is substantively unreasonable. We address each in turn.

**A.**

Hayes's first argument fails because the district court imposed a *variance*, not a *departure*.[1] "Although they may lead to the same result," a variance and departure are distinct from one another. *Id.* at 1295. A variance is a sentence imposed outside the Guidelines range based on the factors provided in 18 U.S.C. § 3553(a), and a departure "is a term of art under the Guidelines and refers only to non-Guidelines sentences imposed under the framework set out in the Guidelines." *Id.* (quotation omitted). It is because of this key difference that a "court must give the parties advance notice if it is considering departing" from the Guidelines range, "but it need not give advance notice if it is considering varying from that range." *Id.* at 1295–96 (emphases omitted); *see also* Fed. R. Crim. P. 32(h).

Whether a district court varied or departed depends on its reasoning. *Hall*, 965 F.3d at 1296. If the court cites a specific

---

[1] The government asks that we apply plain error rather than de novo review to Hayes's Rule 32(h) argument because he failed to preserve it below. At sentencing Hayes objected to the district court's upward variance, but now argues that this was actually an upward departure. We need not address whether he preserved this argument, however, because it fails under either review.

Guidelines departure provision, that is a departure, so Rule 32(h)'s notice requirement applies. *Id.* But if its rationale instead is based on the § 3553(a) factors, along with a determination that the Guidelines range is insufficient, the sentence contains a variance and advance notice is not required. *Id.*

Here, the district court imposed an upward variance rather than a departure. Its reasoning is based entirely on the § 3553(a) factors and its conclusion that the applicable Guidelines range is inadequate. That means Hayes was not entitled to any advance notice.

## B.

The district court also did not err in its findings that gangs and fentanyl were involved in Hayes's drug trafficking crime. The presentence investigation report states that Hayes's drug trafficking organization "was largely comprised of" his "fellow 92 Inglewood Family Blood Gang members." The report also details how large amounts of fentanyl were found at the residence of Hayes's supplier and at the residence where Hayes kept his drug supply. The district court did not clearly err, then, in concluding that gang members and fentanyl were involved in Hayes's drug crimes.

## C.

Finally, Hayes's sentence is not substantively unreasonable. We will not consider a sentence substantively unreasonable unless "we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the 18 U.S.C. § 3553(a) factors" to arrive at a sentence outside the

Guidelines range. *United States v. Riley*, 995 F.3d 1272, 1278 (11th Cir. 2021) (alteration adopted) (quotation omitted). These factors include "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). Courts may also consider the need for the sentence "'to reflect the seriousness of the offense, to promote respect for the law,' 'to provide just punishment for the offense,' 'to afford adequate deterrence to criminal conduct,' and 'to protect the public from further crimes of the defendant.'" *Riley*, 995 F.3d at 1278–79 (quoting 18 U.S.C. § 3553(a)(2)). District courts have discretion in weighing these factors, and that discretion is "particularly pronounced when it comes to weighing criminal history." *Id.* at 1279.

The district court reviewed Hayes's criminal history and the nature of his offense and concluded that an upward variance was appropriate. The court specifically noted that the "fairly unique aspects" of Hayes's crime—creating a "gang-operated drug trafficking organization that resorted to acts of violence" and sold fentanyl—produced "considerable harm" to the public. It also considered Hayes's criminal history "understated" by the Guidelines range. Although Hayes argues that the district court placed too much weight on his criminal history, courts have discretion in weighing the § 3553(a) factors. *Id.* Hayes's sentence was not substantively unreasonable.

23-13769               Opinion of the Court                7

★    ★    ★

Because Hayes's sentence was neither procedurally nor substantively unreasonable, we **AFFIRM**.